18-3433-ag
Mugiraneza v. Barr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand twenty.

PRESENT:  ROSEMARY S. POOLER,
REENA RAGGI,
WILLIAM J. NARDINI,
*Circuit Judges*.

_____

EVARISTE MUGIRANEZA,

*Petitioner*,

v.                                                                No. 18-3433-ag

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

*Respondent.*

_____

APPEARING FOR PETITIONER:        Alessandra DeBlasio, New York, New York.

APPEARING FOR RESPONDENT:        Brianne Whelan Cohen, Trial Attorney (John S. Hogan, Assistant Director, *on the brief*) *for* Joseph H. Hunt, Assistant Attorney General, Office of Immigration Litigation, United States Department of Justice, Civil Division, Washington, District of Columbia.

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition for review of the Board of Immigration Appeals' ("BIA") decision in this matter is DENIED.

Petitioner Evariste Mugiraneza, a native and citizen of the Democratic Republic of the Congo ("Congo"), seeks review of a BIA decision affirming an Immigration Judge's ("IJ") decision denying him relief from removal in the form of either asylum, withholding of removal, or relief under the Convention Against Torture ("CAT"). *See In re Evariste Mugiraneza*, No. A 212 535 803 (B.I.A. Oct. 26, 2018), *aff'g* No. A 212 535 803 (Immig. Ct. Batavia May 30, 2018). Under the circumstances of this case, we review both the IJ's and the BIA's decisions. *See Wangchuck v. Dep't of Homeland Sec.*, 448 F.3d 524, 528 (2d Cir. 2006).

This court earlier upheld the agency's determination that Mugiraneza is ineligible for asylum or withholding relief based on his New York conviction for second-degree assault, a crime he committed in a domestic altercation that left his wife with a fractured spine. *See Mugiraneza v. Barr*, No. 18-3433-ag, ECF No. 61 (2d Cir. Feb. 28, 2019) (citing 8 U.S.C. §§ 1158(b)(2)(A)(ii), 1231(b)(3)(B)(ii); 8 C.F.R. § 1208.16(d)(2)). Accordingly, we here consider only Mugiraneza's petition to review the agency's denial of CAT relief. The jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(C) does not limit that review. *See Nasrallah v. Barr*, 140 S. Ct. 1683, 1692 (2020).

"In reviewing denials of . . . claims for relief under the CAT, we apply the substantial evidence standard to the agency's factual findings, which we will uphold unless any reasonable adjudicator would be compelled to conclude to the contrary." *Scarlett v. Barr*,

2

957 F.3d 316, 326 (2d Cir. 2020) (internal quotation marks omitted); *see* 8 U.S.C. § 1252(b)(4)(B); *Nasrallah v. Barr*, 140 S. Ct. at 1692. In applying that standard here, we assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition for review.

The agency denied Mugiraneza CAT relief because it found that he failed to carry his burden "to establish that it is more likely than not that he . . . would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2); *Scarlett v. Barr*, 957 F.3d at 334. In petitioning for review, Mugiraneza maintains that he carried this burden through documentary evidence and witness testimony. The argument fails because we cannot conclude that the proffered evidence—which we are obliged to discuss individually, but which we consider cumulatively—compelled the agency to find that it is more likely than not that Mugiraneza would be tortured if returned to the Congo.

The torture findings reported in a February 2017 article in *Forced Migration Review* do not compel such a finding. Although the article reports that "almost every asylum seeker monitored in 2011 by the organi[z]ation Justice First was imprisoned, tortured, forced to pay a ransom, raped or subjected to sexual harassment," Certified Admin. R. 595, the agency was not required to give it determinative weight because the article does not report how many persons were monitored or distinguish among the various mistreatments catalogued, some of which likely qualify as torture (*e.g.*, rape), while others may not (*e.g.*, imprisonment, harassment), *see* 8 C.F.R. § 1208.18(a)(2) ("Torture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or

3

degrading treatment or punishment that do not amount to torture."); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006) (holding that weight afforded applicant's evidence lies within agency discretion).

May 2008 and February 2014 articles from *The Guardian* were also insufficient to support Mugiraneza's claim of likely torture. The May 2008 article cannot establish torture because it does not suggest that violence against Tutsis was perpetrated by, or with the acquiescence of, government officials. As to the February 2014 article, it reported torture directed at asylum seekers who were political activists living in the United Kingdom and Europe. Mugiraneza is not a member of this class not only because of his residence in the United States, but also because he is not a political activist. As for a March 2013 report from the Canadian Immigration and Refugee Board, its four-year-old identification of violence against Tutsis in North and South Kivu was regional; it did not pertain to the Congo as a whole. *See* 8 C.F.R. § 1208.16(c)(3) ("In assessing whether it is more likely than not that an applicant would be tortured in the proposed country of removal, all evidence relevant to the possibility of future torture shall be considered including . . . [e]vidence that the applicant could relocate to a part of the country of removal where he or she is not likely to be tortured.").

The testimony Mugiraneza offered through four witnesses was even less compelling as to the likelihood of torture in that none had been to the Congo in more than 20 years, all were able to recount only hearsay, and, as the IJ specifically found, none was able "to articulate with any specificity who exactly was perpetrating" the violence about which they had heard. Certified Admin. R. 106–07.

4

On this record, we cannot conclude that the agency was compelled to find that it was more likely than not that Mugiraneza would be tortured if returned to the Congo. Rather, the agency's determination that Mugiraneza failed to carry his burden on this point is supported by substantial evidence, specifically, the noted deficiencies in the evidence proffered. *See Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) (stating that when "petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the substantial evidence necessary to support the agency's challenged decision" (internal quotation marks omitted)).

Accordingly, the petition for review is DENIED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court